# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLEN FOLSOM, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>OKLAHOMA SUPREME COURT, )<br>)<br>Respondent. ) | Case No. CIV-20-182-G |

## ORDER

On June 16, 2021, the Court issued an Order (Doc. No. 18) that (1) found that a previously-entered Report and Recommendation, in which Magistrate Judge Gary Purcell recommended dismissal of the action for failure to pay the required filing fee, was moot due to Petitioner's filing of an amended application to proceed *in forma pauperis*, (2) denied Petitioner's amended application to proceed *in forma pauperis* because the application demonstrated that Petitioner had sufficient funds to prepay the $5.00 filing fee applicable to a petition for writ of habeas corpus, and (3) directed Petitioner to submit the $5.00 payment to the Court within 21 days of the Court's Order.

Though this action was docketed as an action for writ of habeas corpus, a review of Petitioner's initial filing reflects that Petitioner is instead seeking issuance of a writ of mandamus against the Oklahoma Supreme Court. As such, the applicable filing fee would be $402.00 rather than $5.00. *See* Current Fee Schedule, United States District Court for the Western District of Oklahoma, https://www.okwd.uscourts.gov/current-fee-schedule/.

IT IS THEREFORE ORDERED that the Court's Order of June 16, 2021 (Doc. No. 18) is VACATED IN PART. The Court vacates the denial of Petitioner's amended application to proceed *in forma pauperis* (Doc. No. 12) and the directive that Petitioner pay a $5.00 filing fee to the Court. The Order shall otherwise stay in effect.

Further, the Court concludes that the matter should be dismissed for lack of jurisdiction. In his pleading, titled "Motion for Mandamus," Petitioner claims that the Oklahoma Supreme Court had not yet ruled on a petition for writ of mandamus filed by Petitioner in that Court. Petitioner requests that this Court inquire over the delay and order the Oklahoma Supreme Court to issue a ruling. *See* Pet. at 1-3.

While federal district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee *of the United States* or any agency thereof to perform a duty owed to the plaintiff," federal district courts lack the authority to issue writs of mandamus against "state courts or their judicial officers in the performance of their duties." 28 U.S.C. § 1361 (emphasis added); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (internal quotation marks omitted); *see Stewart v. Hill*, 8 F. App'x 894, 896 (10th Cir. 2001). Even under the liberal construction afforded pro se pleadings, the Petition seeks relief solely against the Oklahoma Supreme Court and does not allege any duty owed by a federal official or agency.[1] Accordingly, the Court lacks jurisdiction over the action.

---

[1] The pleading cannot be reasonably construed as stating a plausible § 1983 claim, as—among other deficiencies—Mr. Folsom does not allege that a federal right of his was violated by a person acting under color of state law. *See* 42 U.S.C. § 1983; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995) ("[A] state court is not a 'person' under § 1983."), *superseded on other grounds by statute*, Fed. Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (1996), *as recognized in Knox v. Sharp*, 809 F. App'x

*See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Sockey v. Gray*, 159 F. App'x 821, 822 (10th Cir. 2005) (affirming dismissal of petition for writ of mandamus on jurisdictional grounds); *United States v. Tinajero-Porras*, 304 F. App'x 754, 756-57 (10th Cir. 2008) (same); *Maxwell v. Lane*, No. CIV-13-145-F, 2013 WL 4094340, at *2 (W.D. Okla. Aug. 13, 2013) (same).

IT IS THEREFORE ORDERED that this matter is DISMISSED without prejudice. The Court hereby waives the filing fee in this matter. A separate judgment shall be entered.

IT IS SO ORDERED this 28th day of June, 2021.

CHARLES B. GOODWIN
United States District Judge

---

504 (10th Cir. 2020). The pleading also cannot be reasonably construed as plausibly petitioning for habeas corpus relief, as Mr. Folsom does not directly challenge his conviction or sentence or otherwise allege that "he was deprived of a federal right." *Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992), *superseded on other grounds by statute*, Fed. Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (1996), *as recognized in Hamilton v. Bird*, 650 F. App'x 585 (10th Cir. 2011).